(No. 12376.—Reversed and remanded.)

DOLLY BOEHME *et al.* Appellees, *vs.* EDWARD FRAASE *et al.*
Appellants.

*Opinion filed February 18, 1920.*

1. SPECIFIC PERFORMANCE—*evidence of oral contract to convey
must be convincing.* To justify a decree for the specific perform-
ance of an oral contract to convey real estate, the evidence must be
clear, certain and convincing both of the making of the contract
and of its terms.

2. PARTITION—*when decree should not give share to heir who
has conveyed her interest.* A partition decree denying the prayer
of a cross-bill for specific performance of an alleged agreement of
all the heirs to convey their interests to two of them should not
set off a share to one of the heirs who is admitted to have conveyed
her interest according to the agreement and has stipulated before
the master that she claims only her portion of the rent up to the
date of the agreement and has withdrawn her offer to refund the
consideration which was paid to her.

3. SAME—*when heirs in possession should account for rents and
profits.* In a suit for the partition of farm land among heirs, those
who have been in possession and farmed the land since the death
of the ancestor should account to the other heirs for rents and prof-
its, notwithstanding their farming has been unprofitable because
they have been compelled to care for and feed their crops to stock
belonging to the estate, as they should look to the administrator to
pay them for this expense and not charge it to their co-tenants.

APPEAL from the Circuit Court of Sangamon county;
the Hon. FRANK W. BURTON, Judge, presiding.

CAREY E. BARNES, and JOHN S. SCHNEPP, for appellants.

SAMPSON & GIFFIN, and A. G. MURRAY, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

Henry Fraase owned two tracts of land in Sangamon
county,—one of 20 acres, the other of 21.54 acres. Mary
Fraase, his wife, owned a tract of 50 acres adjoining

Henry's 21.54-acre tract, and these two tracts were known as the home place. Henry died on December 23, 1909, and Mary on February 16, 1913, both intestate. Their heirs were their six children, Edward, Henry, John and Charles, Julia Kern and Dolly Boehme. On October 25, 1917, Dolly Boehme filed her bill for the partition of the home place, which she afterward amended to include the 20 acres also. The amended bill alleged that Julia Kern on February 5, 1915, entered into a parol agreement to sell her interest in all the land to Edward and Henry for $2000; that they had paid her that amount; that she was therefore only a trustee of the legal title for them; that the complainant, Charles and John were entitled each to one-sixth of the real estate and Edward and Henry each to one-fourth. All the other heirs were made defendants, all answered, and all except Charles filed cross-bills. The cause was referred to a master, and after a hearing upon exceptions to his report a decree was entered for the partition of all the real estate equally among the six heirs and for an accounting of rents and profits against Edward, Henry and John, and requiring Julia Kern to refund to Henry $2000, with interest. Edward and Henry have appealed.

The answer and cross-bill of the appellants alleged that they had entered into an agreement with all the other heirs for the sale by all the others of their interests in the land to Edward and Henry for $2000 each; that the latter agreed with John that instead of the payment of $2000 the 20-acre tract should be deeded to him and he should pay them $133.33⅓ an acre for 4¾ acres, which was the excess of the 20-acre tract over John's share in all the land; that the heirs all met in an attorney's office for the purpose of having the deeds drawn; that they were drawn and the deed to John was signed by all the heirs and that to the appellants by all but Dolly and Charles; that the appellants paid Julia $2000 and delivered to Dolly a certificate of deposit for that amount, which she accepted but after-

ward attempted to return; that the appellants refused to receive it and she threw it on the ground and they then took it and collected it; that the appellants took possession of the 71.54 acres and John of the 20 acres, and they have respectively been in possession ever since and have paid the taxes and made lasting and valuable improvements, but John has not paid the amount due from him. The cross-bill prayed for the specific performance of the contract.

The answer of Dolly Boehme to the cross-bill denies the making of the agreement alleged but admits that John and Julia did convey their interests in the land to Edward and Henry.

Julia Kern's answer admits the allegations of the bill. She filed a cross-bill alleging that on February 5, 1915, she conveyed all her interest in the 20-acre tract to John and all her interest in the other tracts to Edward and Henry; that from February 16, 1913, to February 5, 1915, she was the owner of a one-sixth interest in all the real estate; that Edward and Henry were in possession of the real estate during those two years, and she prayed for an accounting by them. Afterward Julia amended this cross-bill by alleging that the deed to John never was delivered; that the deed to Edward and Henry was upon condition that all the other heirs should join in it or execute like deeds of their interests; offering to refund the $2000 paid to her and claiming still to be the owner of one-sixth of the land. On the hearing before the master, however, she stipulated that she withdrew the offer to refund and that the only claim she makes is for her portion of the rent for two years.

The answer and cross-bill of John allege that the deeds of the 20 acres to him and of the other tracts to Edward and Henry were part of a mutual agreement of all the heirs for the conveyance of the lands, whereby he was to become the owner of the 20-acre tract and pay $133.33⅓ an acre to Edward and Henry for the excess over his share if they succeeded in purchasing the interests of the

other heirs; that the deed to him for the 20-acre tract was signed by all the other heirs and he went into possession and has paid the taxes and made valuable improvements, but the deed, though signed by all the parties, has not yet been delivered but is still retained by the custodian, because he has been directed not to deliver it to John until it is determined to whom the payment for the excess of land shall be made; that John is ready to pay for such excess to Edward and Henry, but they have not procured the signatures of Dolly Boehme and Charles to the deed for the 71-acre farm.

Charles Fraase's answer neither admits nor denies the allegations of the bill or the cross-bill of Edward and Henry but prays for strict proof.

In order to justify a decree for the specific performance of an oral contract to convey real estate the evidence must be clear, certain and convincing, both of the making of the contract and of its terms. The appellants testified that Julia, Dolly, Charles and John all agreed to sell their interests for $2000 and John agreed to take his pay in land; that appellants arranged that John should have 4¾ acres more and should pay them for it and they should pay the other heirs each $2000. They testified that the first conversation took place in January, 1915, and the agreement was then made. On February 5 a meeting of all the heirs but Dolly occurred in an. attorney's office in Springfield. At its conclusion Louis Kern (Julia's husband) told the attorney that they had agreed among themselves substantially in accordance with the terms alleged in the appellants' cross-bill. The attorney was instructed to prepare the deeds and hold them until all the heirs had signed them and not deliver them until all had signed them. Julia and her husband signed both deeds and the appellants paid them $2000. John signed the deed to the appellants and they signed his deed. Charles and Dolly refused to sign either deed for more than two years. They did finally sign the deed to

John but not that to the appellants. Julia denied that there was any agreement at the meeting in January and says that Dolly and John were not present. Dolly was not present at the meeting in Springfield. She denies having been present at the meeting in January or having agreed to take $2000 for her share at any time, except that she said she would take $2000 for her interest in the land if the rest were all satisfied. She testified that when Henry brought the certificate of deposit for $2000 to her he told her she could not get the money until he came and told her, and to her question "why?" answered, "Charlie is going to make trouble," and told her to hold it until he came and told her. He never came and told her, and later she returned the certificate because the appellants would not pay rent for the time they occupied the land. Charles testified that he never made any contract to sell his interest for $2000; that he was at the meeting in Springfield and the appellants talked about buying out the other heirs, but they did not come to any agreement and he never agreed to sell his interest or sign the deed. The attorney says that he did not hear Charles say that he was satisfied with the agreement or that he would sell for $2000 or give any directions. Charles refused to sign the deed and never has done so. While the evidence shows negotiations for the purchase of the interests of all the heirs, the evidence of the making of the contract sought to be enforced is not of that clear and satisfactory character which would justify a decree for a specific performance.

All the parties having admitted in the pleadings that Julia Kern had conveyed her interest in the land to John, Edward and Henry, the decree should not have given her any interest in the land but should have awarded her share to her grantees. The deeds between John and Edward and Henry were dependent upon the acquiring of the shares of the other heirs by Edward and Henry and the payment of money by John, and they are inoperative for that reason.

The appellants insist that it was erroneous to compel an accounting of the rents and profits by them for the two years between the death of Mary Fraase and the making of the alleged contract, during which time it is said Charles Fraase occupied the land jointly with them. The appellants alone farmed the land and received the proceeds. They, as well as Charles, were bachelors, and all three lived on the premises with no other person. Charles testified that he paid his share of the housekeeping expenses and had nothing to do with the management of the farm or the proceeds. The appellants were chargeable with the rental value of the part of the premises occupied by them, whether their farming was profitable or not. They claim that on account of caring for and feeding crops grown on the place to stock belonging to the estate of their father they realized no profit from the place for two years. It was the duty of the administrator of Henry Fraase to care for this stock, and if the appellants are entitled to be paid for taking care of it they should look to the administrator to pay them. They cannot charge their co-tenants with this expense.

The decree will be reversed and the cause remanded to the circuit court, with directions to enter a decree finding each of the appellants to be the owner of one-fourth of the home place and one-sixth of the 20-acre tract, John Fraase to be the owner of one-sixth of the home place and one-third of the 20-acre tract, and Dolly Boehme and Charles Fraase each the owner of one-sixth of all the premises, and adjusting the accounting so that the appellants and John Fraase, in accounting for the rents and profits to Julia Kern, shall be held liable only for the period from February 16, 1913, to February 5, 1915.

*Reversed and remanded, with directions.*